UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DENNIS WOODARD,                )
                               )
        Petitioner,             )
                               )   No.   4:16-CV-102-HSM-CHS
v.                             )
                               )
DARREN SETTLES,[1]              )
                               )
        Respondent.             )

## MEMORANDUM & ORDER

Now before the Court is a pro se prisoner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 20]. Respondent filed a response in opposition thereto [Doc. 21], as well as copies of the state record [Doc. 16]. While Petitioner filed a notice of his intention to file a traverse more than a year and a half ago [Doc. 22], Petitioner did not do so, and the time for doing so has passed. E.D. Tenn. L.R. 7.1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for filing an application for a federal writ of habeas corpus. The statute provides in relevant part that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A)     the date on which the judgment became final by the conclusion of direct review . . . .

28 U.S.C. § 2244(d)(1). The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[1] As Respondent has notified the Court that the proper Respondent is now Darren Settles [Doc. 21 p. 1], the Clerk is **DIRECTED** to update the Court's docket to reflect this.

shall not be counted toward any period of limitation. . . . " 28 U.S.C. § 2244(d)(2). A state court motion filed after the AEDPA statute of limitations has run will not "revive" the AEDPA clock, however. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

On October 11, 2001, a Bedford County jury found Petitioner guilty of murder in the first degree [Doc. 16-2 p. 20, 25]. Petitioner appealed his conviction by asserting a claim that the evidence was insufficient to support his conviction, and the Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgment of the trial court. *State v. Dennis Cedric Woodard, Jr.*, No. M2002-00122-CCA-R3-CD, 2003 WL 169082, at *5 (Tenn. Crim. App. Jan. 24, 2003), *perm. app. denied* (Tenn. May 12, 2003). As such, Petitioner's AEDPA statute of limitations began to run on August 11, 2003,[2] the last day on which he could have sought review of the TCCA opinion affirming his conviction by the Supreme Court, and expired one year later on August 11, 2004, as Petitioner did not file a federal petition for a writ of habeas corpus or any properly-filed state court motion that would have tolled the AEDPA statute of limitations during that time.

While Petitioner later filed a state court petition setting forth claims for post-conviction and writ of error coram nobis relief that the TCCA found were timely due to equitable tolling, *see Dennis Cedric Woodward, Jr. v. State*, No. M2013-01857-CCA-R3-PC, 2014 WL 4536641, at *11 (Tenn. Crim. App. Sept. 15, 2014), that petition did not "revive" Petitioner's time to file a federal petition for a writ of habeas corpus petition regarding his conviction, as it did not delay the date on which Petitioner's conviction became final. *Vroman*, 346 F.3d at 602; *McClendon v.*

---

[2] Ninety days after May 12, 2003, is August 10, 2003, but as August 10, 2003, was a Sunday, the last day on which Petitioner could have sought review of his convictions by the Supreme Court was August 11, 2003. Fed. R. Civ. P. 6(a)(1)(C).

*Sherman*, 329 F.3d 490, 493–94 (6th Cir. 2003); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that a conviction becomes final at the conclusion of direct review, rather than after the petition exhausted all state remedies).

As such, Petitioner's § 2254 petition, which he filed more than twelve years after the AEDPA statute of limitations expired [Doc. 1 p. 14], is time-barred, and Petitioner has not set forth any reason that the Court should find that he is entitled to equitable tolling for the claims in his § 2254 petition. Accordingly, Petitioner shall have fifteen days from the date of entry of this order to show good cause as to why his § 2254 petition should not be dismissed as untimely. Petitioner is **NOTIFIED** that if he does not timely comply with this order, this action will be **DISMISSED** for want of prosecution and failure to comply with Court orders.

Also, the Court takes judicial notice that Petitioner is now incarcerated in the Trousdale Turner Correctional Center. *See* https://apps.tn.gov/foil-app/search.jsp. Accordingly, the Clerk is **DIRECTED** to update Petitioner's address on the Court's docket and to send this order to that address. Petitioner, however, is **ORDERED** to immediately inform the Court and Respondent or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**E N T E R :**

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE