UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| DENNIS WOODARD, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No.: 4:16-CV-102-HSM-CHS |
| DARREN SETTLES, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 20]. On April 16, 2019, the Court entered an order finding that the § 2254 petition is time-barred and that Petitioner had not set forth any reason that the Court should find that he is entitled to equitable tolling [Doc. 23 p. 1–3]. Accordingly, the Court provided Petitioner fifteen days from the date of entry of that order to show good cause as to why his petition should not be dismissed and notified Petitioner that if he did not timely comply therewith, this action would be dismissed for want of prosecution and failure to comply with Court orders [*Id.* at 3]. More than two months have passed and Petitioner has not complied with this order or otherwise communicated with the Court, however.[1] Accordingly, for the reasons set forth below, this action will be **DISMISSED**.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

---

[1] Also, on May 16, 2016, the Clerk made a docket notation indicating that he had resent the April 16, 2019, order to Petitioner at his current address [Doc. 23], and more than a month has passed since the Clerk did so.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Specifically, as the Court sent the previous order to the current address listed for Petitioner by the Tennessee Department of Correction and the United States Postal Service has not returned the Court's mail, it appears that Petitioner received the Court's previous order and chose not to respond thereto. As such, this factor weighs in favor of dismissal.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the record reflects that the Court warned Petitioner that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner is a prisoner who is not communicating with the Court and has not pursued this case in more than one and a half years.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and did not comply with a Court order, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE